**HUI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,[1] Respondent.**

**No. 07–0118–ag NAC.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent.

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, John W. Blakely, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Chen, a native and citizen of the People's Republic of China, seeks review of a December 12, 2006 order of the BIA affirming the July 29, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

*In re Hui Chen,* No. A97 952 251 (B.I.A. Dec. 12, 2006), *aff'g* No. A97 952 251 (Immig. Ct. N.Y. City July 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).

In this case, we find that the IJ's adverse credibility determination was supported by substantial evidence. The IJ identified numerous discrepancies, inconsistencies, and contradictions, in Chen's account that called into question whether his parents had been arrested and interrogated by the Chinese police concerning his whereabouts and in what manner the police had searched Chen's home and confiscated his belongings. Viewed cumulatively, these inconsistencies were anything but insignificant. See *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Because Chen did not suffer past persecution, his asylum claim depended on whether he could demonstrate a well-founded fear of future persecution. See *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). Given that Chen's fear of future persecution rested largely on his own testimony that the Chinese police had been seeking to apprehend him, the intensity of the Chinese authorities' interest in him, or lack thereof, went to the heart of his claim

that he would face persecution if returned to China.

Accordingly, as the evidence of a threat to Chen's life or freedom depended heavily on his credibility, the IJ did not err in relying on the adverse credibility determination to reject his asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). The same grounds also supported rejection of Chen's claims for withholding of removal and CAT relief. *See id.* at 156.

For the foregoing reasons, the petition for review is DENIED.